OPINION OF THE COURT
John M. Hunt, J.
The respondent is charged as a juvenile delinquent with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and related charges. The petition alleges that the arresting officer recovered amounts of heroin and cocaine from the respondent’s person when he searched him incident to an arrest for possession of fireworks shortly after midnight on July 4, 1997. Penal Law § 270.00 (2) (b) (i) designates possession of fireworks valued at less than $50 as a violation, not a crime. Since section 305.2 (2) of the Family Court Act would appear to restrict the authority of the police to arrest a juvenile to acts of juvenile delinquency, i.e., acts that are crimes if committed by adults, the respondent has moved to suppress the drugs allegedly recovered on the ground that they are the fruit of an unauthorized and therefore illegal arrest of the respondent for a violation. This court has been unable to find any reported case involving similar facts.
The Mapp Hearing
The only witness at the Mapp hearing was the arresting officer, Patrolman Geary. The court finds him to be a credible witness and credits his testimony in its entirety. Officer Geary testified that he was driving a police van that contained seven other officers and that all were on patrol looking for offenders with fireworks in the early morning hours of July 5, 1997. According to Geary, he first saw the respondent with seven other teenagers while he was driving the van at a speed of 20 to 25 miles per hour on University Avenue in the lane closest to the sidewalk. Geary thought the group of “kids” looked to be approximately 14 to 15 years old. He testified that he saw the respondent light and throw “fireworks” which exploded directly in front of the moving police van. Geary then immediately stopped the van, got out, arrested the respondent for the violation of possession of fireworks (Penal Law § 270.00 [2] [b] [i]) and searched him. That search netted six vials of cocaine in crack form and one deck of heroin which were recovered from *198 the respondent’s pants pocket. Geary testified that it was only after this seizure of the drugs incident to the arrest for fireworks that he learned that the respondent was in fact 15.
Although Family Court Act § 305.2 (2) arguably does not authorize a juvenile’s arrest for the violation of possession of fireworks, the respondent’s arrest in this case is not illegal. Whatever merit there may be to respondent’s argument in other cases, this court need not decide whether the Family Court Act actually immunizes him from arrest for a violation since this court is not bound by the officer’s probable cause determination that this was the only illegal act the respondent had committed. Judicial scrutiny must test the legality of the arrest against objective criteria rather than the officer’s subjective view of his authority to make an arrest. (People v Lopez, 95 AD2d 241 [2d Dept 1983].)
As described by the officer, respondent’s act of setting off fireworks was not some innocuous display of patriotism on the Fourth of July. On the contrary, this court concludes that the respondent’s actions went far beyond the Penal Law’s definition of mere possession of fireworks. The respondent deliberately threw lit fireworks in the path of moving vehicular traffic on a city street. At a minimum, respondent’s act of discharging fireworks into traffic gave Officer Geary probable cause to arrest the respondent on A misdemeanor charges of reckless endangerment in the second degree (Penal Law § 120.20) since his act created a substantial risk of serious physical injury to all the officers in the police van as well as to any pedestrians. Respondent’s conduct also recklessly endangered the van itself which would have given Geary probable cause to arrest the respondent for the additional B misdemeanor of reckless endangerment of property (Penal Law § 145.25). Thus, the drugs recovered from respondent at the time of his arrest were properly seized.
In conclusion, it is important to note that had the respondent here been over the age of 16 at the time of his alleged possession of fireworks, this decision would require little if any legal interpretation. CPL 140.10 (1) (a) unequivocally provides that a police officer may arrest an individual for a violation committed in his presence. Although the Family Court Act is silent with respect to police authority to arrest juveniles for violations, it is hard to believe that the Legislature intended that the police stand idly by while young people explode illegal fireworks on city streets. On the contrary, one would expect the Legislature’s intent to be quite the opposite since common *199 sense compels the conclusion that the inherent danger to personal safety created by exploding fireworks on city streets grows exponentially when those exploding fireworks are in the hands of unsupervised juveniles and young children. This court would urge the Legislature to address this anomaly in the law and to clarify the authority of the police to take police action when the commission of a violation by a juvenile creates a hazard to public safety. For all of the foregoing reasons, respondent’s motion to suppress is denied and the matter is adjourned for fact-finding.